IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE EX PARTE PETITION OF THALES DIS AIS DEUTSCHLAND GMBH FOR AN ORDER PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782 § § § § § § § | No. 3:21-mc-303-S-BN |

### MEMORANDUM OPINION AND ORDER[1]

Thales DIS AIS Deutschland GmbH ("Thales") has filed an *Ex Parte* Petition for an Order Permitting Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 authorizing Thales to obtain discovery from Avanci, LLC for use in pending litigation in Munich Regional Court in Germany. *See* Dkt. No. 1.

United States District Judge Karen Gren Scholer granted the petition, authorized Thales to issue a subpoena to Avanci in the form attached as Exhibit A to the petition, and has now referred this matter to the undersigned United States magistrate judge for pretrial management. *See* Dkt. Nos. 3, 25.

Avanci has moved to intervene and to quash the subpoena in its entirety. *See* Dkt. No. 5. Thales responded, *see* Dkt. No. 15, and Avanci replied, *see* Dkt. No. 26. Avanci also reports that, while it "believes the Subpoena should be quashed in its

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

entirety, should the Court deny Avancis Motion [to Quash], Avanci reserves the right (1) to object to the scope and breadth of the Subpoena for the reasons set forth in its Contingent Responses and Objections, Torpe Decl., Ex. 19 [*see* Dkt. No. 4], which Avanci will update as needed following this Court's Order on the Motion to Quash; (2) to move for a protective order; and (3) to seek reciprocal discovery under § 1782 from Thales." Dkt. No. 5 at 24 n.34; *see also* Dkt. No. 18 at 1-2 (noting that "Avanci has indicated that it intends to serve a renewed round of objections, potentially leading to additional litigation").

For the reasons explained below, the Court GRANTS Avanci's motion to intervene under Federal Rule of Civil Procedure 24(a)(2) [Dkt. No. 5] to protect its interests as explained in its motion (*see* Dkt. No. 5 at 7-8), DENIES Avanci's motion to quash [Dkt. No. 5], and DENIES as moot Thales's motion to expedite [Dkt. No. 18].

**Background and Legal Standards**

This petition arises out of an antitrust action that Thales has brought against Nokia Technologies Oy and Avanci, LLC, a U.S.-based patent pool of which Nokia is a member, in Germany's Munich Regional Court. The parties are familiar with the background of this matter, so the Court will not repeat it here.

The United States Court of Appeals for the Fifth Circuit has explained that "the Federal Rules of Civil Procedure govern[] the underlying discovery requests once the district court granted [the] Section 1782 application," including Federal Rule of Civil Procedure 45's provisions for a motion to quash a subpoena. *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012), And the Court has

previously laid out standards that govern a Federal Rule of Civil Procedure 45(d)(3) motion to quash a subpoena, and the Court incorporates and will apply – but will not repeat – those standards here. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 606-11 (N.D. Tex. 2018).

And, particularly where a Section 1782 petition is granted on an ex parte basis, courts have, in motions to quash subpoenas authorized under Section 1782, considered arguments relating to the 28 U.S.C. § 1782(a) statutory requirements and the four-factor test set forth in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004), for district courts to consider when exercising their discretion as to Section 1782 applications. *See Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 (5th Cir. 2010); *see also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 971 (5th Cir. 2020); *accord* Dkt. No. 2 at 9 ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte, because the respondent will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45." (cleaned up)); Dkt. No. 3 at 3-4.

## Analysis

**I.  28 U.S.C. § 1782(a) Statutory Requirement**

Avanci first argues that the Court should quash the subpoena because the requested discovery is not "for use" in the German action. *See* Dkt. No. 5 at 1-3. Avancia argues that, in its Section 1782 petition, "Thales failed to inform the Court that it indicated in the complaint in the Munich Regional Court ('Complaint') that Thales is already in possession of the evidence needed to prove its claims in the

foreign proceeding at issue" and that, "[b]ecause Thales by its own admission to the German court does not need additional evidence to prove its German claims, it cannot legitimately be seeking discovery from Avanci for use in the German Action as required by § 1782" but rather "appears to be pursuing a shortcut around its prior attempts to obtain the requested discovery in [pending] U.S. proceedings." *Id.* at 1.

Avanci further argues that "Thales has failed to satisfy [the "for use"] requirement her for multiple reasons. First, Thales has indicated to the Munich Regional Court that its Complaint already incorporates all of the evidence Thales needs to provide its claims conclusively in the German Action. Second, Thales apparently delayed paying its filing fees such that Avanci has yet to be served with the Complaint in the German Action. Third, Thales has the right to withdraw the German action, without penalty, after it obtains the discovery sought by the Subpoena against Avanci. Fourth, Thales failed to inform the Court about the pending U.S. Thales-Philips Actions, in which Thales sought (but did not obtain) similar Avanci-related discovery from Philips. Finally, Chief Judge Lynn declined to grant similar discovery requests against Avanci in the Continental Action [in the Northern District of Texas]." *Id.* at 10 (cleaned up).

Thales responds that, while "Avanci argues that Thales filed its petition in bad faith, seeking documents not for use in the German litigation as it represented, but instead for use in litigation in the United States," "Thales seeks these documents solely for use in foreign litigation, and it is willing to enter into a stipulation and voluntarily be bound by an order prohibiting the documents' use in proceedings in the

United States." Dkt. No. 15 at 6. According to Thales, if it "were bound by an order prohibiting use of the documents in the United States, the only possible use for the documents would be for foreign proceedings." *Id.*

And Thales assert that "[n]one of the facts that Avanci alleges supports an inference that the German litigation is pretextual" and that Thales submits "evidence that shows unequivocally its good faith intent to use the documents sought in the German litigation":

- First, Thales never stated or implied to the Munich Regional Court that it does not need or will not seek additional evidence, and Avanci cites to no such statement in the German Complaint.
- Second, as detailed above and in the declaration of Dr. Wirtz, no action by Thales has delayed service of the German Complaint on Avanci. In contrast, Avanci's German counsel, Mr. Grzimek, avoided service in Germany, leading to the very delay of which Avanci now complains.
- Third, every German claimant has the ability to withdraw the complaint before the evidentiary hearing. That has no bearing on whether the discovery is for use in the German action, because the law is clear that Section 1782 subpoenas are proper even before a foreign case is filed.
- Fourth, Thales does not seek these documents for use in any proceedings in the United States. The hearing in the ITC proceeding that Avanci references ended in October, and the record is now closed. The district court action involves only the rate that is Fair, Reasonable, and Non-Discriminatory ("FRAND"), not an alleged conspiracy among Avanci and its licensors. Regardless, Thales is entitled to take discovery in any action in which it is a party, and the Court has already found that the discovery it seeks here is relevant to the German action.

*Id.* at 6-7.

Thales contends that "Avanci is unlikely to concede the sufficiency of Thales's evidence"; that "[a] default judgment will not be available then, and Thales will be forced to put on as much evidence as it can to convince the German finder of fact";

and that "[t]his is an independent and sufficient reason that Thales seeks documents 'for use' in the German proceedings." *Id.* at 9.

In reply, Avanci contends that Thales "does not dispute that Thales has not, and will not, waive its right to withdraw its action against Avanci, LLC [] before the Munich Regional Court ('German Action'), thereby preserving its ability to abandon the foreign proceeding entirely, once it obtains the discovery it seeks here," and "also does not dispute that it has represented to the German court that it can prevail without any additional discovery." Dkt. No. 26 at 1. According to Avanci, "Thales's conspiracy allegations in the German Action are pled based on documents, like the Avanci Master License Management Agreement ('MLMA'), that Thales either can readily obtain from a party in Germany or that it already cites and attaches to its Complaint"; that, "as Thales admits, the German court will not consider any evidence, including any § 1782 evidence, unless Avanci disputes the factual allegations of the Complaint, and the German court has reason to doubt the factual conclusiveness of the relevant claims on their face"; that "Avanci's defense in the German Action will not dispute the existence of such facts as the MLMA agreement but instead will demonstrate that such facts, even if assumed to be true because of non-denial, do not constitute a competition law violation," which "was the legal conclusion reached by Chief Judge Lynn under U.S. competition law in *Continental Automotive Systems, Inc. v. Avanci, LLC* on a motion to dismiss, 485 F. Supp. 3d 712." Dkt. No. 26 at 6.

And, according to Avanci, "while Thales now offers to stipulate not to use any discovery obtained here in U.S. proceedings, Thales has not offered to stipulate that

-6-

it will not use any information it learns from this § 1782 discovery fishing expedition to, for example, craft new discovery requests in a U.S. proceeding to 're-discover' the information it identifies through these proceedings or to otherwise indirectly use such information in other proceedings outside the United States," and so it "remains the case that Thales cannot meet its burden of proving that the discovery it seeks here will, in fact, be 'for use' in the German Action, which Thales is deliberately preserving the right to withdraw at any time." Dkt. No. 26 at 1.

Avancia asserts that "[t]he bottom line is that Thales is carefully preserving its right to (1) obtain the discovery sought here with the German Action as a pretext; and (2) then immediately withdraw the German Action and use the documents for other purposes. Such a scheme to obtain § 1782 discovery for purposes other than use in the identified foreign proceeding is not authorized by the statute and should not be permitted by the Court." *Id.* at 4.

Avanci insists on more than Section 1782 or the governing law implementing it require. Avanci points to no governing law requiring Thales to waive its right that a German claimant has to, for whatever reason, withdraw an action before the evidentiary hearing. That Thales may be taking the position in the German action that it could prevail on a default judgment without additional discovery has no bearing on whether Thales's discovery requests are "for use" in the German action. *See Mees v. Buiter*, 793 F.3d 291, 299 (2d Cir. 2015) ("We have no reason to believe that Congress intended § 1782 to provide such parsimonious assistance, permitting discovery only when the applicant demonstrates she cannot do without it. Under §

1782, an applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success." (footnote omitted)).

And the speculation that Thales could indirectly use information it obtains in U.S. proceedings likewise does not support a conclusion that the discovery is not sought for use in the German action, as Thales has consistently represented to the Court.

As Thales persuasively argues, "[s]o long as the discovery requested here is relevant to pending litigation in Germany, the discovery is 'for use' in those foreign proceedings." Dkt. No. 15 at 12. Thales has consistently made this showing to satisfy the "for use" requirement.

## II.   *Intel* Discretionary Considerations

Avanci next argues that, "[e]ven if Thales could satisfy the § 1782 statutory requirement that the discovery sought must actually be for use in the German Action, the Court should nevertheless exercise its discretion to quash the Subpoena based on the four-factor test set forth in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004)," where, according to Avanci, "Thales's far-reaching requests are not the sort of tailored discovery that the Supreme Court has ruled is appropriate under § 1782" and, "[r]ather the *Intel* factors uniformly weigh in favor of granting Avanci's" motion to quash. Dkt. No. 5 at 3.

Thales responds that, "[a]s the Court correctly held in its Order granting Thales's petition, each of the *Intel* factors weighs in favor of Thales," and "Avanci offers no new facts sufficient to reverse that conclusion." Dkt. No. 15 at 12.

In reply, Avanci asserts that "the Court's prior, ex parte determination that the *Intel* factors were satisfied" "was made based upon Thales's incomplete and inaccurate presentation of the relevant facts." Dkt. No. 26 at 4.

### A. First Discretionary Factor

As to the first discretionary factor, Judge Scholer found that Thales "has shown that the discovery it seeks likely cannot be obtained in the German Litigation." Dkt. No. 3 at 5. "For example, [Thales] offer[ed] evidence that production of documents in German civil lawsuits is limited to documents that can be specifically identified, rather than categories of documents relevant to the litigation. Likewise, [Thales] presents evidence that at least calls into question the ability of German courts to compel production of documents not located in Germany." *Id.* (cleaned up).

Avanci asserts that, because it "is a defendant in the German Action," "Thales thus could have, but did not, seek identified relevant documents from Avanci, as was its right in the German Action through available German evidence-gathering mechanisms and through the Munich Regional Court." Dkt. No. 5 at 16. According to Avanci, "Thales cannot show that the foreign tribunal cannot order even parties to produce any discovery needed to support the claims in the German Action" and that "[a]llowing Thales to bypass the evidence-gathering procedures available in the German Action would be inconsistent with *Intel*." *Id.* at 17 (cleaned up).

Thales responds that "Avanci never claims that the documents Thales seeks are available through German procedures" and notes that "Avanci's own expert argues that the requests here 'circumvent' German law because Thales could not

-9-

make them under German law." Dkt. No. 15 at 13. Thales explains that it "has brought this action precisely because specific, 'identified' documents are not sufficient for its complex antitrust case"; that "[t]hat is why this Court permitted Thales's requests to go forward, just as many other courts have permitted discovery for use in German proceedings"; and that "Avanci's suggestion that Thales must first seek to obtain as much discovery as it can from the German court has been roundly rejected by the courts." *Id.* at 16 (cleaned up). And Thales argues that, "[w]hile Avanci repeatedly faults Thales for failing to first make these requests to the German court, there is no mechanism in German procedure to make requests like those Thales brings here" and that "[t]his factor therefore weighs in Thales's favor." *Id.*

Avanci replies that "Thales wrongly asserts that Avanci is arguing that Thales must first seek to obtain as much discovery as it can from the German court" but, "[r]ather, the point Avanci is making is that Thales's failure to seek any discovery from the German court at all bears on the first *Intel* factor and weighs against this Court using its discretionary power to provide discovery that Thales has not even tried to obtain under German procedures." Dkt. No. 26 at 5 n.4. Avanci contends that "it is undisputed that Thales could – but did not attempt to – obtain at least a significant portion of the evidence it now claims it needs from Avanci, as a party, through regular German procedure" and that, "since Thales has not tried to obtain any discovery in Germany, it is not possible for it to demonstrate that the evidence it could obtain under German procedures would be insufficient," such that "[t]he first *Intel* factor thus weighs strongly against Thales's petition." *Id.* at 4-5 (cleaned up).

As to the first discretionary factor, the Supreme Court observed in *Intel* that, "when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

As Judge Scholer explained, "Section 1782 does not require [an applicant] to seek discovery in the foreign jurisdiction before seeking the assistance of a district court. But a respondent's connection to the foreign proceeding is part of a broader inquiry: whether the discovery is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017) (cleaned up).

Avanci does not contend that Thales could obtain all of the discovery it seeks through the German procedures or explain what discovery that Thales seeks in this proceeding could likely be available for discovery through the German action. Under these circumstances, this factor may not weigh strongly in favor of Thales's petition, but it does not weigh against granting Thales's Section 1782 petition, strongly or otherwise, and Avanci has not provided a persuasive basis for reconsidering Judge Scholer's finding on this factor.

### B. Second Discretionary Factor

As to the second discretionary factor, Judge Scholer noted that "a district court should deny discovery based on lack of receptiveness of the foreign tribunal only where it is provided with authoritative proof that the foreign tribunal would reject evidence obtained with the aid of § 1782" and that, "[h]ere, [Thales] has provided just the opposite: evidence that German courts are often receptive to § 1782 evidence." *Id.* (cleaned up).

Avanci again relies on its argument that Thales has told the German court that it has all the evidence it needs (to obtain a default judgment) and that the German could likely would not be receptive to additional evidence. This line of argument does not support quashing the subpoena entirely based on this factor any more than it does in connection with the "for use" requirement argument. As Thales convincingly argues, even if the assertion that Thales told the German court it needs no more evidence were true, that "would not authoritatively prove that the German court would not be receptive to evidence Thales does obtain" should Thales need to rely on it, and so "this second "factor therefore also weighs in favor of Thales." Dkt. No. 15 at 5.

### C. Third Discretionary Factor

As to the third discretionary factor, Judge Scholer found that "nothing suggests that the Petition conceals an attempt to circumvent proof-gathering restrictions or other policies, as evidenced by the likelihood that German courts will accept discovery obtained using § 1782 assistance." *Id.* at 6.

Avanci argues that Thales is trying "to circumvent its indications to the German court that its case is already conclusively supported by the evidence, as well as an effort to ignore the requirements of German evidence-gathering procedures." Dkt. No. 5 at 19. But that line of argument, along with pointing to another judge's denial of discovery in a separate case in this court by another plaintiff against Avanci, do not provide any persuasive basis to reconsider Judge Scholer's finding on this factor. 18 U.S.C. "§ 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel*, 542 U.S. at 247. "[T]here is a difference between a § 1782(a) request that seeks documents that cannot be obtained in a foreign proceeding because the foreign jurisdiction does not provide a mechanism for such discovery, and one that seeks documents that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents." *In re Accent Delight Int'l Ltd.*, 791 Fed. Appx. 247, 251 (2d Cir. 2019) (emphasis in original).

For the reasons that Thales persuasively lays out, *see* Dkt. No. 15 at 16-18, "[b]ecause Thales does not seek to circumvent any policy of Germany or of the United States" or to engage in a "fishing expedition," "this factor weighs in favor of Thales," *id.* at 18.

### D. Fourth Discretionary Factor

As to the fourth discretionary factor, Judge Scholer found "that the proposed subpoena is sufficiently narrowly tailored and not unduly intrusive or burdensome. The nine categories of documents [Thales] seeks are all directly related to the claims

asserted in the German litigation. Section 1782 is thus an effective mechanism for obtaining the targeted discovery sought by" Thales. *Id.*

Avanci advances another argument based "Thales's representation to the German court that it does not need any additional discovery to support its claims conclusively" and asserts that "[t]he overbreadth of the Subpoena and its intrusion into highly confidential matters that will not be able to receive adequate protection from disclosure in the German Action warrants at find that the fourth *Intel* factor also weighs in favor of quashing the Subpoena." Dkt. No. 5 at 21-23.

But Avanci has only minimally explained how the discovery requests fail to comply with Rule 26's standards and promises to pursue more specific objections if the Court denies the Motion to Quash. *See* Dkt. No. 5 at 21-22, 24 n.34. As Thales persuasively argues, the arguments as Avanci frames them in this motion do not support quashing the subpoena entirely, and "[c]oncerns of overbreadth are instead best addressed by ordering negotiations or judicially limiting the scope of the subpoena." Dkt. No. 15 at 19-23. And the Court will expect Avanci to fully confer and negotiate with Thales on any of its objections before seeking further court intervention.

Even if this fourth factor is only neutral, Avanci has not persuasively shown that the balance of the *Intel* discretionary factors weighs in favor of denying Thales's requested discovery altogether and quashing the subpoena in its entirety, as Avanci seeks by this motion. In short, the Court does not find, as Avanci urges, "based upon

its review of the full record, that each of the *Intel* factors favors quashing the Subpoena." Dkt. No. 26 at 4.

### III. Prematurity

Avanci alternatively argues that "the Court should quash the Subpoena as premature" where, "[b]ecause Thales can withdraw the German Action without the consent of the defendants and without penalty, it cannot demonstrate to this Court that the documents it is seeking will ever be sued in the German Action" and, therefore," the subpoena served on Avanci "is simply not ripe for consideration unless and until Thales waives its right to withdraw the German Action or the first hearing is held so that the case can no longer be terminated by Thales with impunity after receiving the discovery sought by the Petition." Dkt. No. 5 at 3.

That is more than Section 1782(a)'s "for use" requirement mandates. If not already commenced, the foreign proceeding must be in "reasonable contemplation." *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed. App'x 319, 322 (5th Cir. 2015) (quotation marks omitted). "The future proceedings must be more than speculative and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Id.* (cleaned up).

Measured against this standard, the subpoena is not premature. As Thales explains, it "has already launched litigation"; "[t]he German court has informed Thales that service is in process, and it is expected to be completed shortly"; and "[a]n

evidentiary hearing has been set for September [2022], and Thales seeks these documents for use in that hearing." Dkt. No. 15 at 23.

Avanci relies on a decision in which the court concluded that a Section 1782 applicant's "plans to use the evidence he seeks to assess whether to initiate actions in the United Kingdom and the Isle of Man underscores the mere[ ] speculative[ness] of the contemplated proceedings, and is plainly insufficient to provide this Court with some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye," where "[c]ourts must guard against the specter that parties may use § 1782 to investigate whether litigation is possible before launching it." *In re Sargeant*, 278 F. Supp. 3d 814, 823 (S.D.N.Y. 2017) (cleaned up).

But that is not the scenario facing the Court here. Rather, Avanci raises "the specter" that Thales will withdraw the German action that is has already launched "after the discovery sought is provided" – that is, that the German action "will [not] actually go forward and use the sought-after information." Dkt. No 5 at 23.

On this record, Thales easily meets the requirement that the Fifth Circuit requires: the German action is more than speculative, and Thales has exceeded the minimal requirement to present reliable indications of the likelihood that proceedings will be instituted within a reasonable time. *See Bravo*, 613 Fed. App'x at 322.

## Conclusion

For the reasons explained above, the Court GRANTS Avanci's motion to intervene under Federal Rule of Civil Procedure 24(a)(2) [Dkt. No. 5], DENIES

Avanci's motion to quash [Dkt. No. 5], and DENIES as moot Thales's motion to expedite [Dkt. No. 18].

SO ORDERED.

DATED: March 10, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE